IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Rebecca F Britzius, ) | |
| ) | Case No. 8:15-cv-02111-JDA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill[1], ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  [Doc. 21-1.]   For the successful representation of Plaintiff by Robertson H. Wendt, Jr., in the underlying Social Security benefits action, Plaintiff's counsel seeks attorney's fees in the total amount of $17,695.70, which represents 25% of the total award of past-due benefits.  [*Id.*]  The Commissioner does not object to Plaintiff's motion for attorney's fees, but clarifies that the fees are for court time only. [Doc. 22.]

Based upon a review of the motion and the factors to be considered in awarding attorney's fees in a Social Security case, the Court finds an award of $17,695.70 is reasonable.  Section 406(b) caps an attorney's fee award at 25% of the claimant's past-due benefits.  Additionally, as an independent check, § 406(b) directs courts to review contingency fee agreements to ascertain that an agreement yields a reasonable result in a particular case.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).   Therefore,

---

[1] On January 20, 2017, Nancy A. Berryhill was named the Acting Commissioner of Social Security.  Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

1

contingency fee agreements in Social Security cases must meet two requirements: (1) the fee must not exceed 25% of the claimant's past-due benefits, and (2) the fee must be reasonable.

In *Gisbrecht*, the United States Supreme Court did not provide factors to assess the reasonableness of a contingency fee agreement but stated that district court judges "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.* at 808. A reduction in the contingent fee may be appropriate

> when (1) the fee is out of line with "the character of the representation and the results . . . achieved," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case."

*Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

The contingency fee agreement between Plaintiff and Plaintiff's counsel provided for attorney's fees in the amount of 25% of any past-due benefits and therefore complies with § 406(b)(1)(A). [Doc. 21-3 at 1.] Further, the requested attorney's fee is reasonable because of the skill required of Plaintiff's counsel in this case, the amount of time spent on the case, Plaintiff's counsel's experience in Social Security cases, and the favorable result obtained for Plaintiff. The case required an attorney with in-depth knowledge of disability law, and Plaintiff's counsel spent 35.40 hours on this case between the administrative level proceeding and the action before this Court [Doc. 21-1]—without any undue delays causing benefits to accumulate. Plaintiff's counsel obtained a favorable result for his client. [Doc.

21-4.]  As a result, Plaintiff's counsel's fee is reasonable and does not warrant reduction for the reasons articulated in *Gisbrecht*.

Therefore, it is ORDERED that the motion for attorney's fees is GRANTED and Plaintiff's counsel is awarded attorney's fees in the amount of $17,695.70 pursuant to § 406(b).

IT IS SO ORDERED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

February 2, 2017<br>
Greenville, South Carolina